Thomas R. Hadaway, S.
On this accounting proceeding the question has been presented as to whether or not legacies given under the decedent’s will to two brothers and an adopted daughter of the decedent, all of whom reside in Poland, should be paid to the legatees or deposited in court for their benefit pursuant to SOPA 2218.
On May 14, 1971, there were filed in this court powers of attorney duly executed by Barbara Dobrzanska and Marian Truszkowski appointing the chief of the consular division of the Embassy of the Polish People’s Republic in Washington, D. C., to collect the legacies bequeathed to them under decedent’s will, together with a substitution executed by Kazimierz Cias, chief of the consular division of the Embassy of the Polish People’s Republic, Washington, D. C., substituting Walter Talmont, Esq., an attorney at law of Hempstead, New York, in his place.
On the return of the citation, Mr. Talmont appeared in court and gave testimony to the effect that subjects of the Polish People’s Republic would receive the benefit of United States funds transmitted to them. As part of his proof, Mr. Talmont offered in evidence Treasury Circular No. 655, dated March 19, 1941, naming Poland as one of the countries in which there was not a reasonable assurance that a payee in that country will actually receive checks or warrants drawn against funds of the United States, and an amendment to said Circular No. 655 issued by the Treasury Department on June 7,1957, in which the Polish *244 People’s Republic had been removed from the list of countries named in Circular No. 655, to which the transmittal of funds is prohibited.
He also testified that in other matters he knew of his own personal knowledge that residents of the Republic of Poland had actually received United States funds transmitted to them.
The cpurt is satisfied that the three legatees named in the decedent’s will, who are residents of the Republic of Poland, will receive the benefit of the legacies bequeathed to them in the decedent’s will, and a decree will be entered directing the payment of their legacies to them or to their duly appointed attorney in fact. (See Matter of Kina, 29 A D 2d 563, affd. 23 N Y 2d 720.)